**H. B. KAULBACH, Appellant,**

v.

**Andrew J. KAULBACH, Jr., et al., Appellees.**

No. 12738.

Court of Civil Appeals of Texas.

Galveston.

Oct. 14, 1954.

Nowlin Randolph, Houston, and Robert F. Peden, Jr., Bay City, for appellant.

Fountain, Cox & Gaines and Joyce Cox, Houston, for appellees.

GRAVES, Justice.

This cause in this Court, while reducible, it is thought, to the application of the rules of law governing such presentments in the ultimate and legal effects, is thought to be, perhaps, best preliminarily understood by these quoted statements—brief. as they are—of the respective parties thereto:

That of the appellant being this: "Appellant H. B. Kaulbach sued the appellees (other members of the Kaulbach family were made parties to the suit) (1) to establish a constructive trust in property of the estate of appellant's grandmother, Mrs. Julia Kaulbach, by reason of misrepresentations practiced upon the appellant by his uncle, Andrew J. Kaulbach, Sr., in securing from appellant a conveyance of appellant's interest in the Julia Kaulbach estate; appellee Mary Koulbach is a surviving sister of the said Andrew J. Kaulbach, Sr., and received one-half of appellant's interest by his conveyance, and appellees Andrew J. Kaulbach, Jr., and Mrs. Helen K. Johnson are the children of the said Andrew J. Kaulbach, Sr., and hold the one-half of appellant's interest in said estate which their father received under said conveyance; appellee E. Porter Johnson is the husband of Mrs. Helen K. Johnson. Appellant also sought, in the alternative, (2) rescission of his conveyance of interest in the Julia Kaulbach estate. The trial court overruled appellant's motion for a directed verdict and also overruled his motion for judgment non obstante and his amended motion for a new trial."

The reply of the appellees, in his verbis, was this: "The primary relief sought by appellant, prerequisite to any other relief, was cancellation, for alleged fraud in procurement by his deceased uncle Andrew J. Kaulbach, Sr., of the July 12, 1944, deed by which he and his aunts Mrs. Louise Holman, Mrs. Gertrude Kirk and Mrs. Helen Bailey conveyed their interest in the estate of appellant's grandmother, Mrs. Julia Kaulbach, to his uncle Andrew and his aunt Mary Kaulbach. No one joined appellant's attack. The Court overruled these appellees' motion for instructed verdict, but granted them judgment on motion therefor on grounds assigned in motion for instructed verdict and on jury-findings of no fraud, limitations bar, etc."

On his appeal; appellant's first two contentions are that the trial court erred, (1) in overruling his separate motions for judgment in his favor non obstante, first, on his suit to establish a constructive trust; and second, on his alternative plea for rescission; third, in admitting in evidence eleven described checks; fourth, in nine assignments of error, in the trial court's refusal to instruct the jury not to consider the arguments before it of the appellees' attorney, and had as many specified details, all of which were alleged to have been improper and prejudicial.

In addition to such briefs, both sides to the controversy further gave this Court the advantage of extended oral arguments in support of their decidedly-differing contentions.

After consultations upon the record so brought and elucidated before it, it is concluded that the trial court's judgment reflects no reversible error, and should be affirmed.

In the first place, as recited, the trial court—quite discriminatingly—submitted all the material issues-of-fact raised by the pleadings and evidence to a jury, in some eighteen special inquiries, each and all of which—at least insofar as they related to any right in the appellant—were answered in favor of the appellees, and against the appellant.

In such inquiries the court literally cross-examined the jury as to what were the facts underlying all of appellant's contentions, as to the rights he asserted and sought to recover; in the main, as recited, he claimed that his uncle, Andrew J. Kaulbach, Sr., had misrepresented the conditions then existing and had procured from him at that time a conveyance of his interest in the Julia Kaulbach estate; by reason of that claimed fraudulent procurement, appellant further sought—alternatively—a rescission of his alleged so procured conveyance of his interest.

The jury's verdict disposed of all of appellant's contentions on the facts adversely to him, and there has not been presented to this Court any sustainable claim that any part of the jury's verdict was not supported by the evidence; in fact, as already recited, appellant's theory of the case seems to have been, in the first instance, that he was entitled to an instructed verdict at the trial court's hands, pursuant to his motion therefor, and, in the next place, that he had been entitled to a judgment at the trial court's hands notwithstanding such verdict, for which he also moved. But, as indicated, there is no serious contention that any particular one of the jury's stated findings was not supported by the evidence; on the contrary, the record is replete with testimony from which the trial court was authorized to, and of course did, base its judgment against the appellant.

It is further apparent from the face of the record that all of appellant's claims were conclusively shown to have been barred by the several statutes of limitation applying thereto; that is, his uncle, whom he so charged with having defrauded him, was shown to have died in 1952, whereas appellant did not go to trial in this suit until November of 1953, the fraud by his uncle in allegedly having procured it having been charged to have occurred on July 12, 1944; moreover, in that connection, no other one of the long train of descendants and relatives of appellant's old uncle, Andrew J. Kaulbach, Sr., joined him in so belatedly making this effort to set aside his own prior conveyance.

It is true the trial court herein overruled these appellees' motion for an instructed verdict after the trial before the jury, but that, in effect, was merely procedural, since the court did grant the appellees the judgment herein rendered, on their motion therefor, on the very grounds alleged in their prior motion for an instructed verdict, basing its action upon the jury's findings that there had been no fraud shown, as against appellant, and that all of his claims had been shown to have been barred by the applicable statutes of limitation thereto.

It would obviously be supererogatory for this Court to specifically follow the twenty-two points of alleged error, as made by the appellant, into their ramifications and point out in each instance just wherein they failed to conform to the record so brought here from the trial court's action.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.

HAMBLEN, Chief Justice.

I concur in the result reached in the opinion filed this date by Associate Justice GRAVES.

CODY, Justice.

I agree with the result reached in the opinion filed by Judge GRAVES, namely, that the judgment of the trial court should be affirmed.